## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:15-CV-181-TLS |
| ) | |
| $29,552.00 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| BRYANT T. DAVIS ) | |
| ) | |
| Claimant. ) | |

## OPINION AND ORDER

This is a civil action to forfeit and condemn to the use and benefit of the United States $29,552.00 in U.S. Currency (the Currency), which was seized during the execution of a search warrant on Claimant Bryant T. Davis's residence. The Government alleges that the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was furnished in exchange for controlled substances in violation of the Controlled Substances Act, and is traceable to such an exchange, or was used and intended to be used to facilitate a violation of the Controlled Substances Act. The Claimant became involved in this civil action when he responded to the Government's Verified Complaint in Rem [ECF No. 1] by filing a claim to the Currency and a Verified Answer to the Complaint [ECF No.5].

Pending before the Court is the Claimant's Motion to Dismiss and Motion for Return of Property to Claimant [ECF No. 22], filed on December 2, 2016. The same Motion was entered on the docket three days later [ECF No. 23]. The Claimant maintains that the Currency should be returned to him because he was not provided evidence that a credible and reliable source provided the information that led to the search of his property. On December 14, 2016, the

Government filed a Response to Claimant's Motion to Dismiss and Return of Property [ECF No. 24]. The Government maintains that its Complaint satisfies the pleading requirements for in rem forfeiture actions.

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions govern civil asset forfeiture cases. 18 U.S.C. § 983(a)(4)(A); *see also* Fed. R. Civ. P. Supp. R. A(1)(B) (the "Supplemental Rules apply to forfeiture actions in rem arising from a federal statute"). Supplemental Rule G(8)(b)(i) applies to motions to dismiss and states, "A claimant who establishes standing to contest a forfeiture may move to dismiss the action under Rule 12(b)(6)." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However,"[t]he sufficiency of the complaint is governed by Rule G(2)," Supp. R. G(8)(b)(ii), which explains that a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial," *Id.* G(2)(f).[1]

The government's burden at trial is "to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). Additionally, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the

---

[1] This differs from the general pleading requirement under Federal Rule of Civil Procedure 8, which only requires a "short and plain statement" of the claim.

commission of a criminal offense or was involved in the commission of a criminal offense, the government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). Courts evaluating forfeiture cases look to the "totality of the evidence" in determining whether a complaint has set forth a reasonable belief that the government can prevail at trial. *See United States v. Funds in the Amount of Thirty Thousand Sixty Hundred Seventy Dollars*, 403 F.3d 448, 455 (7th Cir. 2005) (granting summary judgment for the government based on the totality of circumstances).

Here, considering the totality of the circumstances, and presuming the Complaint allegations to be true, the Court finds that the Government's allegations are sufficient to support a reasonable belief that the Currency was connected to illegal drug sales. The Complaint alleges that law enforcement officers conducted three controlled purchases of heroin from the Claimant's father, Booker T. Davis Sr. ("Davis Sr."). Officers then executed a search warrant at Davis Sr.'s residence where they recovered two plastic ziplock bags containing heroin, other controlled substances, and two digital pocket scales. According to the Complaint allegations, police also had information from a reliable source that the Claimant collected money owed to Davis Sr. for illegal drug sales, and that the Claimant kept this money at his own residence. Police then obtained and executed a search warrant at the Claimant's residence. They found the $29,552.00 in cash, which included three twenty-dollar bills that had been used during the controlled purchases. These alleged facts support a reasonable belief that drug trafficking occurred, and that the Currency found at the Claimant's residence was connected to that drug trafficking. The Claimant's challenge to the reliability of the source who informed police that the Claimant collected drug money and kept it at his house goes to whether the Government will

3

ultimately be able to establish the requisite connection between the Currency and drug trafficking.[2] It does not go to the sufficiency of the Complaint. Moreover, "the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture." 18 U.S.C. § 983(c)(2). Therefore, "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." *Id.* § 983(a)(3)(D).

The Claimant also appears to be complaining that his property was searched and seized illegally. Supplemental Rule G(8)(a) permits a party who has standing to contest the lawfulness of a seizure of property to move to suppress use of the property as evidence in forfeiture proceedings. Here, the Claimant admits that it was the execution of a search warrant that led to the search of his residence and seizure of the Currency. Therefore, what he presumably intended to be the basis of his challenge is the issuance of the warrant. "[A] warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 563 U.S. 452, 459 (2011) (citing *Payton v. New York*, 445 U.S. 573, 584 (1980)). The Claimant's Motion presents no basis for the Court to believe that this standard was not met, as his only argument is that *he* was never provided "information from the alleged reliable sources." However, because the Government has not attempted to respond to the Defendant's claim of an illegal search, and the search warrant and supporting affidavit are not

---

[2] The Claimant complains that no discovery was provided to him, including the name of the source. However, he never sought discovery. Although Rule 26(a) governs "required disclosures," and provides a list of items that parties generally must disclose in civil litigation, it specifically "exempt[s] from initial disclosure" any "forfeiture action in rem arising from a federal statute." Fed. R. Civ. P. 26(A)(1)(B)(ii).

otherwise in the record, the Court will direct the Government to provide the Claimant with the pertinent search warrant and affidavit. The Court will also permit the Claimant to refile, as a separate filing, a motion to suppress if he believes it is merited.

## CONCLUSION

For the reasons stated above the Court DENIES the Claimant's Motion to Dismiss and Motion for Return of Property to Claimant [ECF No. 22] and its duplicate [ECF No. 23]. The Government is directed to provide the Claimant with a copy of the search warrant for the Hawthorne Street residence that led to the seizure of the Currency, as well as the supporting affidavit, by March 3, 2017. The Claimant has until thirty (30) days after receiving the documents from the Government to file a motion to suppress with supporting memorandum of law.

SO ORDERED on January 17, 2017.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT