UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-181-TLS |
| $29,552.00 in U.S. CURRENCY, | ) | |
| Defendant, | ) | |
| BRYANT T. DAVIS, | ) | |
| Claimant. | ) | |

**ORDER AND OPINION**

This is a civil action to forfeit and condemn to the use and benefit of the United States $29,552.00 in U.S. Currency (the Currency), which was seized during the execution of a search warrant on Claimant Bryant T. Davis's residence. The Government alleges that the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was furnished in exchange for controlled substances in violation of the Controlled Substances Act, and is traceable to such an exchange, or was used and intended to be used to facilitate a violation of the Controlled Substances Act. The pro se Claimant became involved in this civil action when he responded to the Government's Verified Complaint in Rem [ECF No. 1] by filing a claim to the Currency and a Verified Answer to the Complaint [ECF No. 5].

On December 2, 2016, the Claimant filed a Motion to Dismiss and Motion for Return of Property to Claimant [ECF No. 22].[1] On January 17, 2017, the Court denied the Claimant's Motion and its duplicate, but provided the Claimant with leave to file a motion to suppress, if

---
[1] The same Motion was entered on the docket on December 5, 2016 [ECF No. 23].

warranted. In response, on March 17, 2017, the Claimant filed the pending Memorandum of Law in Support of Motion to Suppress [ECF No. 26].[2] The Claimant maintains that there was no probable cause to seize his property because the Government's three cooperating sources provided false information "while doing [drug] deals and under the influence." (Mem. of Law in Supp. of Mot. to Suppress 5, ECF No. 26). The Claimant thus seeks to suppress the information obtained from the Government's sources. (*Id.*) The Government filed a Response to the Claimant's Motion to Suppress [ECF No. 27] on March 31, 2017, arguing that the Claimant "failed to provide any evidence, legal authority or cogent argument for suppressing the warrant. Alternatively . . . the facts and circumstances were sufficient to establish probable cause for issuance of the search warrant." (Resp. to Mot. to Suppress 1). Though given leave by the Court [ECF No. 30], the Claimant did not file a reply.

**ANALYSIS**

It is well established that pro se litigants are not held to the same standard as a counseled litigant, *Glick v. Gutbord*, 782 F.2d 754, 755 n. 1 (7th Cir. 1986), however, the Court is not "obligat[ed] to do [the Claimant's] research or make arguments for him." *Sanders v. Town of Porter Police Dep't*, No. 2:05-CV-377, 2006 WL 2457251, at *2 (N.D. Ind. Aug. 22, 2006) (citing *United States v. Smith*, 26 F.3d 739, 743 (7th Cir.1994)); *see also Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998). If a litigant fails to make a sound argument or file legal arguments with supporting authority, the litigant effectively waives the argument. *See Mathis*, 133 F.3d at 548 (holding that even pro se litigants are expected to file legal arguments with supporting authority because "[a] litigant who fails to press a point by supporting it with

---

[2] The Claimant did not file a separate motion.

pertinent authority or by showing why it is sound despite a lack of supporting authority forfeits the point").

Though the Claimant is correct that a warrant cannot be issued in the absence of probable cause to justify a search, *see e.g.*, *United States v. Robinson*, 2008 WL 4659369, at *3 (7th Cir. 2008), the Claimant has not articulated an argument challenging probable cause. Probable cause exists when the totality of the circumstances known at the time are sufficient for a reasonably prudent officer to believe evidence of a crime or contraband will be found in the place to be searched. *Id.* If a judge who issued a warrant found probable cause based on an affidavit, then "the warrant's validity rests on the strength of the affidavit." *United States v. Wiley*, 475 F.3d 908, 915 (7th Cir. 2007). When reviewing an issuing judge's finding, the Court pays "great deference" to the issuing judge, *United States v. McIntire*, 516 F.3d 576, 578–79 (7th Cir. 2008) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)), and evaluates only whether the judge had a "substantial basis" for concluding that probable cause existed. *Jones v. United States*, 362 U.S. 257, 271 (1960).

Here, Fort Wayne Police Department Detective Shane Heath's Affidavit (Detective Heath Affidavit, ECF No. 27-1) provided the basis upon which the search warrant [ECF No. 27-2] was requested. Detective Heath's Affidavit details the corroborating information provided by all three of the Government's cooperating sources identifying the Claimant as keeping the Currency obtained from drug sales in his home. (*see* Detective Heath Affidavit 5–6). Moreover, one of the cooperating sources identified the Claimant in a photo array and the Fort Wayne Police Department determined the Claimant's residence through his Bureau of Motor Vehicles record, property ownership listed at the Allen County Assessor's Office, and surveillance by Detective Jeremy Ormiston. (*Id.*).

3

The Court finds that the information provided in Detective Heath's Affidavit justified the search and seizure authorized by the warrant because all three of the Government's sources stated that the Claimant picked up the drug proceeds from his father and kept them in his house. *See United States v. Barnes*, 909 F.2d 1059 (7th Cir. 1990) (holding that probable cause for the issuance of search warrant existed on the basis of consistency in the information provided by the Government's confidential sources). Additionally, the Claimant's residence was identified through numerous means and verified through the use of surveillance.

Furthermore, the Claimant offers no evidence to support suppression of the information provided by the Government's cooperating witnesses; instead, the Claimant offers a conclusory allegation that the information from the Government's three cooperating sources was false because they were under the influence of drugs. The Claimant offers no evidence to demonstrate how he is able to ascertain the alleged mental impairment of any of the three cooperating sources, nor does the Claimant cite to authority indicating that suppression on the basis of an allegation of mental impairment is warranted.

Accordingly, there was probable cause to justify the search and seizure of the Claimant's home.

## CONCLUSION

For these reasons, the Motion to Suppress [ECF No. 26] is **DENIED**.

SO ORDERED on July 11, 2017.

> s/ Theresa L. Springmann
> CHIEF JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT